Johnson, J., dissenting:
I cannot join the majority's holding that the cumulative effect of the errors did not deny the defendant a fair trial because there was overwhelming evidence. A fair trial is a due process requirement, and the process due a criminal defendant should not be inversely proportional to the amount and quality of the evidence the State has gathered. In other words, fairness should not be measured by the quantum of State's evidence. This notion is not a personal epiphany of recent *846 origin; my predecessors on this court unanimously made the declaration over a decade ago in expressing frustration with numerous cases where the State argued prosecutorial misconduct was harmless error because of the overwhelming evidence against the defendant:
"Taken to its logical conclusion, acceptance or endorsement of this attitude would lead to a rule that the greater the evidence against a defendant, the less right that defendant has to a fair trial. Neither law nor basic justice can tolerate such a rule. Denial of a fair trial violates the due process rights of the guilty defendant just as surely as those of the innocent one." State v. Tosh , 278 Kan. 83, 97, 91 P.3d 1204 (2004), overruled on other grounds by State v. Sherman , 305 Kan. 88, 378 P.3d 1060 (2016).
And, in adopting a new test for prosecutorial error in 2016, this court unanimously reaffirmed its agreement with and ongoing commitment to this portion of Tosh. Sherman , 305 Kan. at 105, 378 P.3d 1060.
Notwithstanding the Van Cleave court's assessment of the amount of evidence, Moyer did not receive a fair trial. There were many errors, and they touched on most of the areas of the trial. Importantly, the errors impacted the evidence that was presented, or rather not presented. Indeed, one might surmise that Moyer's best hope for a favorable result rested with the testimony of J.T. that the victim had lied about being abused, which evidence was arguably not available because of his own attorney's conflict of interest and/or incompetence.
In State v. Kemble , 291 Kan. 109, 120, 238 P.3d 251 (2010), we discussed that "[t]he lines of demarcation separating the duties of each of the players in a criminal trial are sacrosanct, i.e. , the prosecutor representing the people; the defense attorney representing the accused; the trial judge representing the interpreter of the law; and the jury representing the finder of facts." We suggested that a breakdown in the execution of any of the respective duties compromised the entire criminal justice system. Here, we had a breakdown in the execution of the duties of three-fourths of those players: the trial judge had a conflict of interest; the defense counsel had a conflict of interest; and the prosecutor engaged in gross and flagrant misconduct. That level of unfairness simply cannot be condoned under our system of criminal justice, even if the defendant is unquestionably guilty of despicable acts.
In short, I would reverse and grant a new trial, at which the State, the district court, and the defense attorney can do it correctly and fairly.